```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


RUSSELL WHITE and DAWN WHITE,   )
residents of the State of       )
Indiana,                        )
                                )
          Plaintiffs            )
                                )
     v.                         )   Case No. 2:06 cv 347
                                )
QUALITY EXPRESS TANK LINES,     )
INC., a Florida Corporation,    )
INDIAN RIVER TRANSPORT CO., a   )
Florida Corporation, NORMAN L.  )
RUSSELL, a resident of Florida, )
and LIBERTY MUTUAL INSURANCE    )
CO., a Nevada (sic) corporation )
in its capacity as subrogee,    )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the defendant, Liberty Mutual Insurance, on May 23, 2007. For the reasons set forth below, the motion is **DENIED**.

Background

On April 18, 2005, the plaintiff, Russell White, a driver for United Parcel Service, was in a traffic accident with Norman L. Russell, a driver for the defendants Quality Express Tank Lines and Indian River Transport. As a result of this collision, White alleges that he was forced across the center line, causing a second collision and serious injuries to this vehicle's occupants, Sharon and Lawrence Hardesty.

As the workers' compensation insurer for UPS, Liberty Mutual paid disability and medical expenses of $14,193.64 on behalf of White. The Whites also brought a suit against Indian River Transport, who entered into a settlement with the Whites and the Hardestys following mediation of the claim. The Whites' share of the settlement was $105,000. However, they allege that "it was determined that the value of [their] case was at least $400.000." (Complaint, Count VI, ¶ 4.)

In their complaint, the Whites seek a declaration that the workers' compensation insurer, Liberty Mutual, is subject to the subrogation and lien provisions of Indiana Code §§34-51-2-19 and 34-53-1-2. Specifically, the Whites argue for the application of §34-51-2-19, which requires that if a "subrogation claim or other lien that arose out of the payment of medical expenses . . . is diminished by reason of the uncollectibility of the full value of the claim . . . the lien shall be diminished in the same proportion as the claimant's recovery is diminished." I.C. § 34-51-2-19(2).

Liberty Mutual, in its motion to dismiss, argues that its rights to recovery of the lien arise from the Indiana Workers' Compensation Act, not the state procedural rules. Accordingly, it argues, this is a dispute under the Workers' Compensation Act, and the workers' compensation board has exclusive jurisdiction. Liberty Mutual further notes that this matter is pending before the workers compensation board.

## Discussion

In ruling on a Rule 12(b)(6) motion to dismiss, a court must follow

> the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (footnote omitted)
>
> *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)

See also *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). This court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994). See also *H.J., Inc. v. Northwestern Bell Telephone Company*, 492 U.S. 229, 249-50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999); *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir. 1994), and "draw all reasonable inferences in the light most favorable to the complaint. *Crenshaw v. Baynerel*, 180 F.3d 866, 868 (7th Cir. 1999).

In order to escape dismissal

> a plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action.
>
> *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir. 1987) *quoting* *Doe v. St. Joseph's Hospital*, 788 F.2d 411, 414 (7th

3

Cir. 1986)

To prevail a defendant "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1039 (7th Cir. 1987).

The Indiana statute that requires proportionate reduction of a lien because of the claim's diminished collectibility, as originally enacted in 1984, did not apply to liens that arose under Section 22-3-2-13 of the Workers' Compensation Act. However, in 1990, the Indiana legislature amended this provision, removing the explicit reference to liens arising under the Workers' Compensation Act. (Pub. L. No. 121-1990, Sections 11 and 12). The amendment signifies the legislature's intent to apply the proportionate reduction provision to Workers' Compensation Act liens. *See Department of Public Welfare v. Couch*, 605 N.E.2d 165, 168 (Ind. 1992). Accordingly, the provision is applicable to this matter.

Consequently, if the Whites' tort claim against the third-party trucking company is found to have been diminished because its "full value" was "uncollectible," Liberty Mutual's lien also must be diminished. However, there is no evidence before this court, aside from the Whites' own assertion, regarding the value of the Whites' claim against this third-party. *See Couch*, 605 N.E.2d at 168 ("The trial court must principally determine what amount of total damages would fully and fairly compensate for the

4

claimant's resulting injuries and losses irrespective of liability issues or judgment collectibility.")

The question raised by the Whites' declaratory judgment claim is not limited to a dispute for which jurisdiction lies with the workers' compensation board under I.C. 22-3-4-5(c). Rather, this matter regards the application of the state's proportionate reduction statute, and ultimately the valuation of a claim between the Whites and a third-party. Further, this third-party suit was brought pursuant to Workers' Compensation Act and as an exception to its general rule of exclusive jurisdiction. Though this lien may be implicated in matters that are before the workers' compensation board, this matter cannot be characterized, as Liberty Mutual does, as based exclusively on the Act. Accordingly, the Act does not defeat the court's exercise of subject matter jurisdiction.

_____

For the foregoing reasons, the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the defendant, Liberty Mutual Insurance, on May 23, 2007, is **DENIED**. This matter is set for a telephonic status conference on **October 12, 2007, at 9:30 A.M. (CST).** The court shall initiate the conference call.

ENTERED this 10th day of September, 2007

                                          s/ ANDREW P. RODOVICH
                                              United States Magistrate Judge